UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| | : | **CASE NO. 24-CV-2870 (JEB)** |
| v. | : | |
| | : | |
| **MINERCO, INC. et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## GOVERNMENT'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND STAY CIVIL PROCEEDINGS

The United States respectfully submits this memorandum of law in support of its motion to intervene in the above-captioned civil case (the "Civil Case") and to stay these civil proceedings because of the pendency of the parallel criminal case in this district, *United States v. Japhia*, No. 24-cr-450 (RDM) (the "Criminal Case"). The same underlying facts are at issue in both the Civil Case and the Criminal Case. Plaintiff Securities and Exchange Commission ("SEC") has informed the government that it takes no position on the requested stay. None of the defendants opposes the requested stay: Defendant Bobby Japhia has informed the government that he has no objection to the requested stay; and Defendant Julius Jenge, on behalf of himself and Minerco, Inc., has informed the government that he consents to the government's request.

The Court should issue a stay of these proceedings because the government's motion is timely, and the same alleged fraudulent schemes are at issue in both the Civil and Criminal Case. Moreover, a stay is necessary, as Defendant Japhia should not be permitted to use discovery in the Civil Case to avoid the restrictions on criminal discovery that would otherwise pertain to him in the Criminal Case. A stay would also promote judicial economy. Accordingly, the government

respectfully requests that the Court: (1) permit the government to intervene pursuant to Federal Rule of Civil Procedure 24; and (2) order that the Civil Case be stayed until the conclusion of the related Criminal Case.

## STATEMENT OF FACTS

On October 8, 2024, a federal grand jury in the District of Columbia returned an indictment charging Bobby Japhia with one count of securities fraud and one count of obstruction. *See United States v. Bobby Shumake Japhia*, No. 24-cr-450, Dkt. 1. The indictment alleges that Japhia devised and organized a scheme to defraud investors in Minerco, Inc ("Minerco). Allegedly, Japhia worked with others to artificially and fraudulently increase the share price of Minerco securities to unjustly enrich himself and conceal his scheme. As part of this scheme, Japhia issued and caused to be issued materially false and misleading statements to the public relating to Minerco, concealed material facts from the investing public, and concealed the scheme from regulators, law enforcement, and the investing public. After artificially inflating the price of Minerco's securities, Japhia and co-schemers allegedly caused nearly one billion Minerco shares to be sold for personal gain and to the detriment of the investing public. Japhia also allegedly destroyed evidence related to Minerco, obstructing an SEC proceeding. Four co-conspirators, including Defendant Jenge, Frederick Da Silva, Richard Shykora, and Ahmad Haris Tajyar, have pled guilty to conspiring with Defendant Japhia in separate criminal cases in the District of Columbia. (*United States v. Julius Makari Jenge*, No. 24-cr-511; *United States v. Frederick Da Silva*, No. 24-cr-365; *United States v. Richard Shykora*, No. 24-cr-413; and *United States v. Ahmad Haris Tajyar*, No. 24-cr-472).

On October 9, 2024, the SEC filed a complaint in the Civil Case alleging that Minerco, Japhia, and Jenge (collectively "Defendants") engaged in a pump-and-dump scheme that

defrauded investors in Minerco of approximately $8 million and that Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. 15 U.S.C. § 240.10b-5. The SEC's complaint is premised on substantially the same conduct as that alleged in the indictment against Japhia and the criminal complaint against Jenge.  (Civil Case, Dkt. 1).  There are currently no discovery deadlines nor a trial date in the Civil Case.  On October 28, 20204, Defendants Jenge and Minerco waived service. And on November 25, 2024, Defendant Japhia was served. (Civil Case, Dkts. 4, 5, and 6).  None of the Defendants has yet filed an answer.

# ARGUMENT

I.  Intervention is Proper as a Matter of Right

Rule 24 of the Federal Rules of Civil Procedure provides that a party may intervene in a civil action either as a matter of right or on a permissive basis.  Federal Rule of Civil Procedure 24(a) provides that a person may intervene as of right when the applicant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).   The D.C. Circuit applies a four-part test to determine whether intervention as of right is appropriate:

> We have drawn from the language of this rule four distinct requirements that intervenors must demonstrate: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests."

*Deutsche Bank. Nat. Trust Co. v. F.D.I.C.*, 717 F.3d 189, 192 (D.C. Cir. 2013) (quoting *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008)).   The United States meets all four criteria.

First, this motion is timely. Both the Civil Case and the Criminal Case began within the last few months, in August and October of 2024. The Defendants have not yet filed an answer to the SEC complaint; discovery has not yet begun in the Civil Case; and the Court has not yet conducted its initial case management conference with the parties to discuss the parameters of discovery in the Civil Case. Thus, the United States has raised its request at the appropriate time. *See Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001).

Second, the United States has a legally protected interest in staying discovery in the Civil Case. The Criminal Case is based on the same events and transactions as the Civil Case, namely that Japhia defrauded investors in Minerco. And the United States, given its law enforcement responsibilities, has a clear interest in the subject matter of this case and any impact it may have upon prosecution of the Criminal Case. Courts have consistently permitted the United States to intervene when it is investigating and prosecuting parties to a pending civil action to protect the public interest in effective law enforcement. *See, e.g.*, *United States v. Kordel*, 397 U.S. 1, 3-4 (1970); *S.E.C. v. Dresser Industries., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980); *S.E.C. v. Doody*, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002).

Third, permitting civil discovery would impair the United States' ability to protect its interests by allowing Defendant Japhia access to information beyond that allowed by the criminal discovery rules—and potentially harming the United States' and the public's interest in effective law enforcement.

Finally, neither the SEC nor the Defendants can fully share or protect the United States' unique interest in criminal law enforcement. *S.E.C. v. Downe*, 1993 WL 22126 at *11 (S.D.N.Y. 1993) (rejecting argument that SEC adequately represents the interests of the United States). "[E]ven though the SEC is involved in this action, the United States [] may have an interest in this

litigation which is qualitatively different from the SEC's interest." *Id.* at *12. Under all four factors, the Court should permit the United States to intervene as of right.

Additionally, even if this Court does not find intervention as a matter of right warranted, permissive intervention is appropriate. A court may permit intervention when an applicant files a timely motion and has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). When exercising this discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Where, as here, substantial common questions of law and fact exist in the Criminal Case and the parallel Civil Case, intervention should be permitted. *See, e.g., Board of Governors of Federal Reserve System v. Pharoan*, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (allowing state District Attorney to intervene in a federal civil action to seek a discovery stay); *First Merchants Enterprise, Inc. v. Shannon*, 1989 WL 25214, *2-3 (S.D.N.Y. 1989) (allowing United States Attorney to intervene in civil action.).

Here, there is substantial overlap in the core factual allegations underlying this action and the factual questions that likely will be resolved in the Criminal Case—namely, whether Japhia, charged in both the Civil Case and the Criminal Case, schemed to defraud the same investors. Intervention will not cause undue delay or prejudice to the parties in the Civil Case, particularly since the civil discovery process has not commenced. In fact, intervention and a stay of discovery will avoid prejudice by relieving Japhia of the forced choice between asserting his Fifth Amendment rights against self-incrimination in the Civil Case, or waiving them to defend himself. Notably, none of the Defendants opposes the requested intervention and stay. Accordingly, if the Court does not find intervention as a matter of right is warranted, the Court should permit the

government to intervene so that it can fulfill its public duty to protect the integrity of the prosecution of the Criminal Case.

II.     A Stay of the Civil Case is Warranted

Courts may defer "civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[ ] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). The power to stay proceedings is incidental to the Court's inherent power to control disposition of its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). And "[a] trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *Id.* Courts in this district weigh several factors in determining whether to stay parallel civil proceedings in light of parallel criminal proceedings. "These are: 1) the relationship between the civil and criminal actions; 2) the burden on the court; 3) the hardships or inequalities the parties would face if a stay was granted; and 4) the duration of the requested stay." *Doe v. Sipper*, 869 F. Supp. 2d 113, 116 (D.D.C. 2012); *see also U.S. ex rel. Westrick v. Second Chance,* No. 04-280, 2007 WL 1020808, at *2 (D.D.C. Mar. 31, 2007); *Horn v. Dist. of Columbia*, 210 F.R.D. 13, 15 (D.D.C. 2002) (laying out similar factors). These factors serve only as a rough guide, and the Court may give each factor as much weight as it determines to be necessary. *Sipper*, 869 F. Supp. 2d at 116.

   a. The Close Relationship Between the Civil Case and the Criminal Case Weighs in Favor of a Stay

That the civil and criminal actions stem from the same events and there is significant overlap between the parallel Criminal Case and this Civil Case strongly favors a stay. Given that the Criminal Case and this Civil Case address the same scheme, company, and victims, the cases are not just "related," but are "substantially similar." *St. Paul Fire and Marine Ins. V. United*

*States*, 24 Cl. Ct. 513, 515 (Ct. Cl. 1991). "A close relationship between the two actions, furthermore, is often viewed as the most significant factor in the balancing test." *Id.* (referencing *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998)).

    b. <u>A Stay Would Not Impose a Burden On The Court</u>

That staying the Civil Case would not burden the Court, would promote judicial economy, and would benefit all parties by streamlining the issues in the Civil Case also weighs in favor of the requested stay. If Japhia is convicted in the Criminal Case, he may be precluded from re-litigating facts relating to his participation in the fraud alleged in the Civil Case, which will conserve judicial resources. *See New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 86-87 (2d Cir. 2000). Further, a conviction would significantly increase the chances of a settlement in the Civil Case and conserve judicial resources. *See Trustees of the Plumbers Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) ("Resolution of the criminal case may increase the possibility of settlement of the civil case due to the high standard of proof required in the criminal prosecution."); *Sipper*, 869 F. Supp. 2d at 117 (noting that "the possibility in the next few months that [the Defendant] may enter into a plea deal in the criminal case and a concomitant settlement of this case is worth something.")

Moreover, a trial in the Criminal Case would also conserve judicial resources in the Civil Case because the transcripts and exhibits from the Criminal Case would obviate the need for certain civil discovery. *See Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 41 (S.D.N.Y. 1993) ("the availability of transcripts and other evidence from the criminal trial may eliminate altogether the need for certain depositions"); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1011 (E.D.N.Y. 1992) (noting that stay "may streamline later discovery since transcripts from the criminal case will be available to civil parties").

Thus, far from burdening the judicial system and impairing the system's ability to manage its cases, staying this case until the conclusion of the Criminal Case would conserve judicial resources by streamlining discovery, potentially mooting certain issues, and possibly resulting in the settlement of the Civil Case.

    c. <u>A Stay Would Not Impose Hardships or Inequalities on the Parties</u>

That none of the parties in the Civil Case would be prejudiced also favors the requested stay. The SEC would not be prejudiced by staying civil discovery until the conclusion of the criminal case. Indeed, the SEC takes no position on the stay. Any civil discovery that would occur during the pendency of the Criminal Case would be one-sided in favor of Defendant Japhia, who would likely invoke his Fifth Amendment rights to prevent the SEC from taking his testimony. Thus, if civil discovery proceeds during the Criminal Case, then the SEC will be denied discovery from Japhia, but the defense will be permitted to depose witnesses and obtain other written discovery. Such one-sided discovery is unfair to the SEC. *See Founding Church of Scientology v. Kelly*, 77 F.R.D. 378, 38081 (D.D.C. 1977) (the "procedural advantage over the prosecution is thought to be undesirable"). Moreover, staying discovery and these proceedings will not unfairly burden the Defendants, who do not oppose the requested stay. As already explained, staying this Civil Case and allowing the Criminal Case to proceed will streamline discovery and the issues to be resolved here.

Additionally, the United States also has a legitimate and weighty interest "in the unhindered disposition of the [Criminal Case]." *Bureerong v. Uvawas*, 167 F.R.D. 83, 87 (C.D. Cal. 1996). Staying discovery is necessary to "protect the integrity of the Government's investigation and ensure that the Defendants will not use the civil discovery process to obtain discovery that is not authorized in a criminal case." *Id.* (internal quotation marks omitted).

There is a vast difference between the respective rules that apply to discovery in civil and criminal cases, which is an important reason for staying civil proceedings for which there are parallel criminal proceedings. *See, e.g.*, *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 10 (D. Conn. 2002) ("Courts are very concerned about the differences in discovery afforded parties in a civil case and those of a defendant in a criminal case."); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992) (granting stay, in part, because "[a]llowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"). The public also has a legitimate interest in a fair criminal trial that would be harmed if Japhia were allowed to take civil depositions and thereby gain an advantage in the Criminal Case. Such an outcome would damage the public's faith in the fairness of the criminal justice system. *See Rosenthal v. Giuliani*, 2001 WL 121944, at *2 (S.D.N.Y. 2001) ("[t]he public has an interest in ensuring the criminal discovery process is not subverted").

    d.  <u>The Duration of Stay Is Reasonable</u>

The reasonable duration of the requested stay—until Japhia's Criminal Case has concluded—also weighs in favor of the stay. *See Doe v. Sipper*, 869 F. Supp. 2d 113, 116 (D.D.C. 2012). Courts frequently stay civil cases pending the resolution of charged criminal cases. *See e.g.*, *SEC v. First United Financial Group*, 4-cv-1601, Dkt. 9 (April 4, 2005 D.D.C.) (ordering parallel civil "be stayed until the underlying criminal case is resolved[.]"); *see also SEC v. Rayapureddy*, 22-cv-1592, Dkt. 18 (April 13, 2023 W.D. Pa.) (ordering parallel civil case "is hereby stayed until the [parallel] Criminal Case is completed."); *SEC v. Berman*, 20-cv-10658, Dkt. 18 (June 8, 2021 S.D.N.Y.) ("the Government's request for a stay of all discovery in this civil case against [defendant] is granted until the conclusion of [defendant's] Criminal Case."). Here,

the Criminal Case has been charged and the duration of the requested stay is reasonable. The Court should therefore stay the Civil Case.

## Conclusion

For the foregoing reasons, the Court should permit the United States to intervene and stay this case, including all discovery and disclosure requirements under Federal Rule of Civil Procedure 26, until the conclusion of the Criminal Case.

>                     Respectfully submitted,
>
>                     GLENN S. LEON
>                     Chief, Fraud Section
>                     Criminal Division
>
> By:   */s/ Aaron Henricks*
>                     Aaron Henricks (Florida 1032369)
>                     Kyle Crawford (D.C. 888241455)
>                     Trial Attorneys, Fraud Section
>                     Criminal Division
>                     United States Department of Justice
>                     1400 New York Ave. N.W.
>                     Washington, DC 20005
>                     202-794-0057
>                     202-794-4010
>                     aaron.henricks@usdoj.gov
>                     kyle.crawford@usdoj.gov

**Certificate of Service**

Consistent with Local Civil Rule 5.3(d)(2), I, Aaron Henricks, do certify that a copy of the foregoing Motion to Intervene and Stay, will be served on Minerco, Inc., Julius Jenge, and Bobby Japhia, pursuant to Federal Rule of Civil Procedure 5(b).

By: */s/ Aaron Henricks*
Aaron Henricks (Florida 1032369)
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice
1400 New York Ave. N.W.
Washington, DC 20005
202-794-0057
aaron.henricks@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| v. | CASE NO. 24-CV-2870 (JEB) <br> : <br> : |
| MINERCO, INC. et al., | : <br> : |
| Defendants. | : <br> : |

**[PROPOSED] ORDER GRANTING INTERVENTION AND STAY OF DISCOVERY**

The Court, having reviewed the government's Motion to Intervene and Stay Civil Proceedings in the above-captioned case, it is HEREBY:

1. ORDERED that the government's Motion to Intervene and Stay Civil Proceedings is GRANTED; it is further

2. ORDERED that the United States of America, by the United States Department of Justice, Criminal Division, shall be permitted to intervene in the above-captioned case; it is further

3. ORDERED that this case shall be stayed until 30 days after *United States v. Japhia*, No. 24-cr-450 (RDM) is concluded by guilty plea, verdict, other pretrial disposition; it is further

4. ORDERED that as part of the stay, all aspects of this case are stayed, including but not limited to, all discovery and disclosure requirements under Federal Rule of Civil Procedure 26; and it is further

5. ORDERED that the parties shall submit a joint status report within 30 days following the conclusion of *United States v. Bobby Shumake Japhia*, No. 24-cr-450 (RDM) by guilty plea, verdict, or other pretrial disposition to advise the Court on their respective positions on how this case should proceed.

SO ORDERED this _____ day of _____, 2024.

_____
HON. JAMES E. BOASBERG
CHIEF UNITED STATES DISTRICT JUDGE